THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RENE HUDSON<br>　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC,<br>　　　Defendants. | ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

COMES NOW the Plaintiff Rene Hudson ("Ms. Hudson" or "Plaintiff"), an individual consumer, by Counsel, and for her Complaint against Defendants Experian Information Solutions, Inc., Trans Union, LLC, Equifax Information Services, LLC (collectively referred to as "CRAs"). Plaintiff alleges as follows:

PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

2. Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3. This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue in this District is proper in that the Defendant regularly conducts business in the State of Georgia.

### III.  PARTIES

7. Plaintiff Rene Hudson is a natural person residing in Georgia.

8. Plaintiff Rene Hudson is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

9. Upon information and belief, Experian Information Solutions, Inc. is a California corporation duly authorized and qualified to do business in the State of Georgia.

10. Experian is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

11. Upon information and belief, Trans Union, LLC is an Illinois corporation duly authorized and qualified to do business in the State of Georgia.

12. Trans Union is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

13. Upon information and belief, Equifax Information Services, LLC is a Georgia corporation duly authorized and qualified to do business in the State of Georgia.

14. Equifax is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

## IV.   FACTS OF THE COMPLAINT

15. On or about March 27, 2025, Ms. Hudson obtained copies of her consumer credit disclosures from each of the three nationwide consumer reporting agencies, Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC, through www.annualcreditreport.com.

### Experian

16. Pursuant to 15 U.S.C. § 168lg(a), upon receipt of Ms. Hudson's request, Experian was required to "clearly and accurately" disclose all information in Ms. Hudson's file at the time of her request, with the limited exception that her Social Security number could be truncated upon request.

17. Despite this statutory requirement, Experian's disclosure failed to include a substantial amount of information present in Ms. Hudson's credit file.

18. On or about March 29, 2025, Ms. Hudson submitted a detailed written dispute to Experian, identifying numerous inaccuracies and omissions associated with several accounts (collectively, the "Accounts"), and requested appropriate corrections.

19. Ms. Hudson's dispute letter plainly identified and described the disputed Accounts.

20. The nature of the errors and omissions was expressly stated in the dispute, enabling Experian to understand precisely what required correction.

21. The issues identified included both inaccurate data and incomplete information related to each of the Accounts.

22. The Accounts included but are not limited to: Capital One, Celtic Bank/Contfinco, Discover Bank, Extra, and Farmers Home Furniture.

23. On or about May 7, 2025, Ms. Hudson obtained another copy of her Experian consumer disclosure via www.annualcreditreport.com.

24. This subsequent disclosure continued to reflect substantial errors and omissions in her credit file.

25. These errors and omissions were numerous and included, but were not limited to, the following:

- <u>Capital One</u>: The account is listed as "charged off" with a balance of $528 as of March 2025, but the payment history shows charge-off status from September 2023 to March 2025. Incomplete Payment history.

- <u>Discover Bank</u>: Incomplete Payment history and other fields.

- <u>Extra</u>: Incomplete payment history.

- <u>Midland Credit Management</u>: Incomplete payment history.

- <u>Portfolio Recovery Associates</u>: Incomplete payment history.

## Equifax

26. Equifax was also required under 15 U.S.C. § 1681g(a) to clearly and accurately disclose to Ms. Hudson all the information in her file, subject to the same limited exception regarding truncation of her Social Security number.

27. Equifax's disclosure omitted critical information contained within her credit file, thereby failing to meet this requirement.

28. The omitted data included inaccurate information, re-aged data, and incomplete account details.

29. On or about March 29, 2025, Ms. Hudson submitted a dispute letter to Equifax, identifying numerous deficiencies across multiple accounts and requesting correction.

30. The disputed Accounts were clearly identified and described in her correspondence.

31. Ms. Hudson specifically outlined the nature of the inaccuracies and omissions so that Equifax could not reasonably misunderstand the dispute.

32. The Accounts with known inaccuracies or incomplete data included but were not limited to: Consumer Portfolio Service, Portfolio Recovery Assoc., LVNV Funding LLC, Capital One Bank.

33. On or about May 8, 2025, Ms. Hudson obtained a new copy of her Equifax consumer disclosure via www.annualcreditreport.com.

34. The updated disclosure continued to reflect substantial errors and missing data.

35. These errors and omissions were numerous and included, but were not limited to, the following:

- Capital One: Incomplete payment history (lacks scheduled and actual payment data for 2023-2025 despite reported delinquencies), incomplete account details.
- Navy Federal Credit Union: Incomplete account history and other fields.
- Wells Fargo Card Serv: Incomplete payment history, incomplete account details.
- Farmers Furniture Inc.: Incomplete payment history and balance history.
- World Acceptance Corporation: Incomplete payment history and account details.
- Midland Credit Management: Failure to disclose the source of information.
- Portfolio Recovery Assoc: Failure to disclose the source of information.
- LVNV Funding LLC: Failure to disclose the source of information.

## Trans Union

36. Similarly, TransUnion was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of all information in Ms.

7

Hudson's file, with the same limited exception regarding Social Security number truncation.

37. TransUnion's disclosure failed to include key information from Ms. Hudson's credit file.

38. The inaccuracies included erroneous data, incomplete payment histories, and missing source information.

39. On or about March 29, 2025, Ms. Hudson sent TransUnion a formal dispute letter, identifying specific accounts with multiple errors and requesting that corrective action be taken.

40. The disputed Accounts were clearly listed and explained in the correspondence.

41. Ms. Hudson explicitly detailed the inaccuracies and omissions, leaving no ambiguity as to what information was being challenged.

42. The affected Accounts included but were not limited to: Capital One, Consumer Portfolio SVS, Discover Bank, Resurgent/LVNV Funding, FB&T, TBOM/Contfin, World Finance Corp., and Portfolio Recovery.

43. On or about May 19, 2025, Ms. Hudson again accessed her TransUnion consumer disclosure through www.annualcreditreport.com.

44. Despite her disputes, the credit file remained riddled with material errors and omissions.

45. These included, without limitation:

    - <u>Capital One:</u> Improperly lists a balance for a charged-off account.
    - <u>Consumer Portfolio SVS:</u> Incomplete payment history.
    - <u>Navy Federal CR UN:</u> Incomplete payment history.
    - <u>Continental Fin CO:</u> Incomplete payment history.

46. Under 15 U.S.C. § 1681g(a), upon receipt of Ms. Hudson's request, all Defendants were legally obligated to provide Ms. Hudson with a complete and accurate disclosure of all information in her credit files at the time of her request.

47. Having a duty to disclose all of the information regarding the accounts in Ms. Hudson's file, Defendants breached their duty by providing incomplete and inaccurate disclosures to Ms. Hudson.

48. Such information is necessary for a consumer to be able to research and evaluate the information contained in his or her credit file.

49. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

50. On information and belief, all the aforementioned data furnishers furnished full account numbers, the missing account information, and

payment history to Defendants, and this information was contained within each Defendant's file on Ms. Hudson at the time of her disclosure requests.

51. Rather than comply with the FCRA, each Defendant knowingly and intentionally failed to disclose all of the information in Ms. Hudson's credit file. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

52. Accordingly, Equifax's, Trans Union's, and Experian's violations of the FCRA were willful.

53. Ms. Hudson is entitled to receive a complete, accurate, and transparent disclosure of her credit file from each CRA upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. *See* 15 U.S.C. § 1681j.

54. By failing to meet this requirement, Defendants deprived Ms. Hudson of a right expressly granted by federal law.

55. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures. Defendants' practices suggest an institutional disregard for their statutory obligations under the FCRA.

## CAUSES OF ACTION

56. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

57. All causes of action were the producing causes of damages, which Ms. Hudson suffered.

### FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681g

58. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

59. Defendants violated the FCRA.

60. Defendants' violations include, but are not limited to, the following:

    Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

61. Experian, Trans Union, and Equifax's conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

62. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

### SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681i

63. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

64. Experian, Trans Union, and Equifax violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly delete the disputed, inaccurate information from Plaintiff's credit file in violation of § 1681i(a)(5)(A).

65. As a result of Experian, Trans Union, and Equifax's conduct, Plaintiff suffered concrete and particularized harm, including without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

66. Experian, Trans Union, and Equifax's conduct in violating § 1681i were willful, rendering them liable to Plaintiff for actual damages, statutory

damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

67. In the alternative, Experian, Trans Union, and Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

### THIRD CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)

68. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

69. Experian, Trans Union, and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

70. Experian, Trans Union, and Equifax's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

71. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

### JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rene Hudson respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants

Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC, for the following:

a. Judgment that Defendants violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com

By: _/s/ Jeffrey A. Wilson_
JEFFREY A. WILSON